```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION

KATHY DAVIS,                      §
                                  §
     Plaintiff,                   §
                                  §
v.                                §     CIVIL ACTION NO. H-07-3031
                                  §
FARMERS INSURANCE EXCHANGE        §
AND TRUCK INSURANCE EXCHANGE,     §
                                  §
     Defendants.                  §
```

## MEMORANDUM AND ORDER

Pursuant to the Order entered September 3, 2008, the parties have filed submissions advising that no federal question remains in this case such as to confer original jurisdiction under 28 U.S.C. § 1331, and expressing their views on whether the Court should retain supplemental jurisdiction over Plaintiff's state law claims or remand the case to state court.  The Court has carefully considered the filings by both parties.  Plaintiff acknowledges the Court's discretion to exercise supplemental jurisdiction over the pendent state claims, observes that there are several balancing factors to be considered, and requests that if jurisdiction is not retained, that the Court remand the case rather than dismiss it.  Defendant, on the other hand, urges the Court to exercise its discretion to retain jurisdiction based upon its being more convenient, efficient, and fair to decide the remaining issues here rather than in state court.

"District courts are given broad discretion to remand removed cases with pendent state law claims where retaining jurisdiction would not be appropriate." Whiting v. Univ. of S. Miss., 451 F.3d 339, 352 (5th Cir. 2006) (affirming both the district court's dismissal on summary judgment of plaintiff's federal claims and its decision to remand state law claims); *see also* Hook v. Morrison Milling Co., 38 F.3d 776, 786 (5th Cir. 1994) (affirming the district court's holding that ERISA did not preempt a state-law negligence claim and its discretionary decision to remand the case to state court). Pursuant to 28 U.S.C. § 1367, district courts may decline to exercise supplemental jurisdiction over state law claims if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). In addition, the Supreme Court has explained that considerations regarding "judicial economy, convenience, fairness, and comity" are relevant to determining whether a court should retain state law claims. *See* Carnegie-Mellon Univ. v.

Cohill, 108 S. Ct. 614, 623 (1988); *see also* United Mine Workers v. Gibbs, 86 S. Ct. 1130, 1139 (1966).

The general rule, though not absolute, is that when "all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."  Cohill, 108 S. Ct. at 619 n.7 (analyzing Gibbs, 86 S. Ct. at 1139); *see also* Batiste v. Island Records, Inc., 179 F.3d 217, 227 (5th Cir. 1999).

This case not only raises several issues of state law, but the claims also appear to be derived from the representation, or disputed representation, of Plaintiff in other state court litigation after Plaintiff was involved in a car accident with one Tonee Brooke.  The kinds of issues alleged, especially with respect to whether conflicts of interest arose between Plaintiff and her employer, whether she was discharged by her employer because of her refusal to engage in an illegal act, whether Plaintiff was entitled to have Defendants pay her separate lawyer's fees after she discharged the insurance company's designated counsel and the like, are all uniquely state law issues and one or more may arguably be a novel issue.  *See, e.g.*, McClelland v. Gronwaldt, 155 F.3d 507, 519-20 (5th Cir. 1998) (relying on the novelty of at least one state law issue as a basis for remand), *overruled on other grounds,* Arana v. Ochsner Health Plan, 338 F.3d 433, 440 & n.11 (5th Cir.

3

2003) (en banc); Kaplan v. Clear Lake City Water Auth., 794 F.2d 1059, 1066 (5th Cir. 1986) (affirming remand of state law issues that were "unique and not readily resolved"). Whether or not "novel," the issues in this case appear inextricably intertwined with what transpired and what should or should not have transpired in and related to other state court proceedings. Such issues are more appropriately resolved in Texas state court, which will also serve the doctrine of comity. *See* Gibbs, 86 S. Ct. at 1139 & n.15 ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.").

Fairness and efficiency concerns do not weigh against remand. The parties have largely completed their pretrial discovery, which can be utilized in the state court proceeding. Parker & Parsley Petroleum Co. v. Dresser Indus., 972 F.2d 580, 588 (5th Cir. 1992) (explaining that the carrying-over of discovery to state court weighs in favor of declining supplemental jurisdiction); *see also* Waste Sys. v. Clean Land Air Water Corp., 683 F.2d 927, 931 (5th Cir. 1982). Defendants have now filed a Rule 12(b)(6) motion (Document No. 47) in which Defendants contend they have not had fair notice of Plaintiff's claims against them, and argue that Plaintiff does not sufficiently plead a breach of contract claim, that Plaintiff does not state a valid claim for violations of the Texas Insurance Code, that Plaintiff does not state a cognizable

claim under the Texas Deceptive Trade Practices Act, and that Plaintiff's wrongful termination claim fails as a matter of law under the Texas exception to the employment at will doctrine declared in Sabine Pilot Serv., Inc. v. Hauck, 687 S.W.2d 733 (Tex. 1985).  These questions regarding the essential elements of Plaintiff's state law claims and whether they are adequately pled, and regarding the correct application of the Texas exception to the employment at will doctrine announced in Sabine Pilot, are all matters better left for decision by the state court.

Defendant accuses Plaintiff of dismissing her FMLA claim "for the purpose of forum manipulation and, ultimately, to delay resolution on the merits of her wrongful termination claim."  It seems somewhat counterintuitive that Plaintiff, who seeks a recovery, would deliberately delay resolution of her claim. Moreover, when she filed the FMLA claim in state court, which had jurisdiction to decide the merits of that claim, *see* 29 U.S.C. § 2617(a)(2), it was *Defendants* who chose to remove the case to federal court and start over even though the case at that time already had been litigated in state court for a year and a half. Defendants' newly-filed Rule 12(b) motion implying that Plaintiff's Third Amended Petition still does not give Defendants "fair notice" of Plaintiff's claims, also rather undermines the seriousness of Defendants' accusations about dilatory tactics.  On balance, after considering all of the relevant factors, the Court concludes that

5

it is most appropriate to follow the general rule and to decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.  Accordingly, this case will be remanded to state court.

## Order

For the reasons set forth above, it is

ORDERED that this case is REMANDED to the 165th Judicial District Court of Harris County, Texas.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, on this 23rd day of September, 2008.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE